UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SPECIALIZED INDUSTRIAL
MAINTENANCE, INC.

VERSUS

APTIM MAINTENANCE, LLC

CIVIL ACTION NO.

19-804-SDD-EWD

### RULING

This matter is before the Court on the *Motion for Summary Judgment*[1] filed by Plaintiff, Specialized Industrial Maintenance, Inc. ("SIM"). Defendant APTIM Maintenance, LLC ("APTIM") has filed an *Opposition*[2] to this motion, to which Plaintiff filed a *Reply*.[3] APTIM filed a *Motion for Relief*[4] under Fed. R. Civ. P. 56(d) requesting additional time for discovery, to which SIM filed an *Opposition*.[5] For the following reasons, the Court finds that SIM's *Motion* should be denied, and APTIM's *Motion* dismissed as moot.

### I.    FACTUAL BACKGROUND

This case arises from a dispute between a general contractor and subcontractor. Juniper Specialty Products, LLC ("Juniper") engaged APTIM, the general contractor, to work on Juniper's facility in Westlake, Louisiana.[6] APTIM hired SIM as a subcontractor

---

[1] Rec. Doc. No. 10.
[2] Rec. Doc. No. 12.
[3] Rec. Doc. No. 15.
[4] Rec. Doc. No. 11.
[5] Rec. Doc. No. 13.
[6] Rec. Doc. No. 12-3, p. 1; Rec. Doc. No. 10-6, p. 1.

to supply "labor to walkdown packages for estimation purposes for the insulation, painting, fireproofing, and scaffolding erection."[7] SIM performed additional work as well.[8]

On May 21, 2019, Juniper locked the parties out of the construction site.[9] Juniper has not paid APTIM.[10] APTIM has not paid SIM, and refuses to do so until APTIM recovers from Juniper.[11] SIM brought this declaratory judgment action seeking the Court's determination of its rights under the Subcontract.

Section 46.6 of the Subcontract is determinative of this dispute. It provides:

> In the event of Client termination, Company's liability to Subcontractor shall be limited to the extent of Company's recovery on Subcontractor's behalf, except as otherwise provided in this Subcontract. Company agrees to cooperate with Subcontractor, at Subcontractor's expense, in the prosecution of any Subcontractor claim arising out of the Client termination and to permit Subcontractor to prosecute the claim, in the name of the Company for the use and benefit of Subcontractor, or assign the claim to Subcontractor.[12]

SIM requests a judgment declaring that: (1) § 46.6 is not a pay-if-paid provision; (2) if it is, APTIM has an unconditional obligation to pay that trumps the pay-if-paid provision; (3) APTIM must pay SIM regardless of whether Juniper has paid APTIM; and (4) SIM is entitled to an award of attorneys' fees.[13] SIM moves for summary judgment on its declaratory judgment action, arguing that there is no genuine issue of material fact because it is asking for an interpretation of the Subcontract which the parties agree controls this dispute.

---

[7] Rec. Doc. No. 12-3, p. 1; Rec. Doc. No. 10-6, p. 1.
[8] Rec. Doc. No. 12-3, p. 1–2; Rec. Doc. No. 10-6, p. 1–2.
[9] Rec. Doc. No. 12-1, p. 2.
[10] *Id.*
[11] Rec. Doc. No. 12-3, p. 2; Rec. Doc. No. 10-6, p. 22.
[12] Rec. Doc. 10-2, p. 48. "Client" is Juniper; "Company" is APTIM; "Subcontractor" is SIM. *Id.* at 2.
[13] Rec. Doc. No. 1-2, p. 9.

## II.   LAW AND ANALYSIS

APTIM contends that SIM's use of the declaratory judgment procedure is improper because SIM is seeking to adjudicate past conduct, rather than clarify rights before a violation.[14] SIM counters that Louisiana Code of Civil Procedure article 1873 states that "[a] contract may be construed either before or after there has been a breach thereof."[15] Moreover, argues SIM, despite the fact that the Subcontract is terminated, APTIM's obligation to pay survives the termination.[16] As such, SIM argues there is a justiciable controversy and the Court should grant its *Motion*.[17]

Applicable jurisprudence compels the conclusion that SIM does not have standing to bring this declaratory judgment action. Article III of the United States Constitution limits the federal judicial power to the resolution of "Cases" and "Controversies."[18] "In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will sufferer injury in the future."[19]

---

[14] Rec. Doc. No. 12, p. 13–14.
[15] Rec. Doc. No. 14, p. 8.
[16] *Id.*
[17] *Id.* Neither party confronts the issue head on, but SIM cites the Louisiana Declaratory Judgment Act ("DJA") while APTIM cites the federal DJA. Because Article III standing is a prerequisite to the exercise of federal jurisdiction, and the Court concludes it is lacking here, the Court need not determine whether the Louisiana DJA is substantive or procedural under *Erie* and its progeny. The Court doubts that Louisiana's DJA applies in this case. Several courts that have confronted this issue have held that state DJAs are procedural, so an action brought under a state DJA then removed to federal court is converted to a declaratory judgment action under the federal DJA. See *Chevron U.S.A., Inc. v. Atmos Pipeline & Storage, LLC*, No. CV 18-00540, 2018 WL 4517898, at *7 (W.D. La. Sept. 20, 2018) (citing *State v. Bd of Supervisors, La. State Univ & Agr. & Mech. Coll.*, 228 La. 951, 958, (1995); *Yor-Wic Constr. Co. v. Eng'g Design Techs., Inc.*, 329 F. Supp. 3d 320, 327 (W.D. La. 2018); *Bell v. Bank of America Home Loan Servicing LP*, Civil Action No. 4:11-02085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012). Indeed, the Fifth Circuit has held that the Texas DJA, which is nearly identical to the Louisiana DJA, is procedural. *Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208, 209–210 (5th Cir. 1998); La. Code. Civ. P. art. 1871 *et seq*; Tex. Civ. Prac. & Rem. Code § 37.001 *et seq*.
[18] *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014).
[19] *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, (1983); *Cone Corp. v. Florida Dep't of Transp.*, 921 F.2d 1190, 1205 (11th Cir. 1991)).

There must be a "substantial and continuing controversy" based on the facts alleged.[20] "[T]he continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury."[21] The Fifth Circuit has noted that similar reasoning applies to suits seeking injunctive relief and those seeking declaratory judgments.[22] In a declaratory judgment case the Fifth Circuit favorably cited *City of Los Angeles v. Lyons*[23] for the proposition that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects."[24] "[P]laintiffs may lack standing to seek prospective relief even though they have standing to sue for damages."[25]

In this case, SIM's only alleged injury is APTIM's alleged breach. But SIM's prayer for relief does not include a request for damages, only a request for a *Judgment* declaring that it was entitled to payment. While the harm from that injury (the lack of payment) may exist now, the legal relationship between the parties has been severed. Furthermore, SIM alleges no risk of an independent future injury.[26] SIM is seeking relief for a past injury, not prospective relief designed to prevent future injury. This Court's declaration of its interpretation of the contractual terms between SIM and APTIM would inherently be a backward-looking remedy. Because there is no "substantial likelihood" that SIM "will suffer

---

[20] *Bauer*, 341 F.3d at 358.
[21] *Id.* (internal citations omitted).
[22] *Id.*
[23] 461 U.S. 95 (1983).
[24] *Bauer*, 341 F. 3d at 358 (quoting *Lyons*, 461 U.S. at)
[25] *Serafine v. Crump*, 800 F.App'x 234, 236 (5th Cir. 2020) (quoting *Soc'y of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir. 1992).
[26] *Muslow v. Bd. of Supervisors of Louisiana State Univ. & Agric. & Mech. Coll.*, No. CV 19-11793, 2020 WL 1864876, at *11 (E.D. La. Apr. 14, 2020), *reconsideration denied*, No. CV 19-11793, 2020 WL 4471160 (E.D. La. Aug. 4, 2020), *and on reconsideration in part*, No. CV 19-11793, 2020 WL 4471519 (E.D. La. Aug. 4, 2020).

injury in the future," SIM lacks standing to seek declaratory relief, and the Court cannot consider SIM's claims.[27]

*Lyons* provides a useful comparison. In *Lyons*, the plaintiff alleged that he was "illegally strangled" by Los Angeles police officers and sought damages and injunctive[28] and declaratory relief.[29] The Court recognized that the plaintiff had standing to sue for damages against the officers and the City of Los Angeles,[30] but still held that he did not have standing to seek injunctive or declaratory relief.[31] The Court reasoned that because the plaintiff could not show that he would have another encounter with police that would result in an "illegal strangling," there was no case or controversy for the purposes of equitable relief.[32]

Likewise, SIM presumably has standing to seek damages for APTIM's allegedly improper refusal to pay. It does not follow, however, that SIM has standing to seek prospective relief because SIM has not alleged that it will contract with APTIM under the same terms in the future.

Assuming for the sake of argument that SIM does have Article III standing, the Court would exercise its "unique and substantial discretion" to decline "to declare the rights of the litigants."[33] The federal DJA is "'an enabling Act, which confers a discretion

---

[27] *Carter v. Cain*, No. CV 17-201-SDD-RLB, 2019 WL 846053, at *5 (M.D. La. Feb. 21, 2019); *Ihrig v. ACCC Ins. Co.*, No. 3:19-CV-428-DPJ-FKB, 2020 WL 1644988, at *2 (S.D. Miss. Apr. 2, 2020).
[28] The injunctive relief sought was a permanent ban on chokeholds. *City of Los Angeles v. Lyons*, 461 U.S. 95, 98, 103 S. Ct. 1660, 1663, 75 L. Ed. 2d 675 (1983).
[29] *City of Los Angeles v. Lyons*, 461 U.S. 95, 98, 103 S. Ct. 1660, 1663, 75 L. Ed. 2d 675 (1983). The plaintiff sought a declaratory judgment that the "use of chokeholds absent the threat of immediate use of deadly force is a per se violation of various constitutional rights." *Id.*
[30] *Id.* at 105, 109 ("Lyons' claim that he was illegally strangled remains to be litigated in his suit for damages . . .)".
[31] *Id.* at 105.
[32] *Id.* at 106.
[33] *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).

on the courts rather than an absolute right upon the litigant.'"[34] Declaratory judgment is inappropriate in this case because there is a more efficient way to resolve this dispute—a breach of contract action.

Finally, assuming that the Court could and would consider this action, the Court's recent *Ruling* in *Excel Contractors, LLC v. APTIM Maintenance, LLC*,[35] wherein the Court concluded that an identical contract provision limited APTIM's liability to the plaintiff to zero until Juniper paid APTIM, would dictate a denial of SIM's *Motion*.

### III. CONCLUSION

For the reasons set forth above, SIM's *Motion for Summary Judgment*[36] is **DENIED**. This action is dismissed with prejudice because SIM lacks standing, or, alternatively, this action is dismissed with prejudice because the Court exercises its discretion to decline to consider SIM's declaratory judgment action. APTIM's *Motion for Relief*[37] is dismissed as moot.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on January 4, 2021.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[34] *Id.* (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)).
[35] No. 3:19-CV-00580-SDD-SDJ (M.D. La. Jan. 4, 2021), Rec. Doc. No. 20.
[36] Rec. Doc. No. 10.
[37] Rec. Doc. No. 11.